IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN RIGSBEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-203 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS

In this habeas corpus proceeding, petitioner STEVEN RIGSBEE challenges a prison disciplinary ruling finding him guilty of violating prison regulations. For the following reasons, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be DENIED.

I.
PROCEEDINGS

Petitioner was charged in disciplinary case number 20120179399 with the offense of participating in a riot. On March 6, 2012 at the disciplinary hearing, petitioner was found guilty and assessed punishment including forty-five (45) days of cell restriction, forty-five (45) days loss of commissary privileges, forty-five (45) days loss of recreation, (45) forty-five days loss of property, ninety (90) days forfeiture of accrued good time and a reduction in line class from L2 to

L3. Following the finding of guilty in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on April 2, 2012. Petitioner then filed a Step 2 grievance which was denied on May 29, 2012. The instant federal habeas corpus petition followed.

Petitioner RIGSBEE does not challenge the loss of privileges nor does he challenge the loss of good time credits. Instead, he has requested the Court overturn the disciplinary case so that he may get his line class status back so that he may to return to regular population.[1] Petitioner has raised four (4) issues including ineffective assistance of counsel substitute, insufficient evidence, lack of due process and a biased hearing officer. However, for the reasons set forth below, the Court finds petitioner's allegations are without merit.

## II.
## MERITS

### *Ineffective Counsel Substitute*

The United States Supreme Court has determined that "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976) (citing *Wolff v. McDonnell,* 418 U.S. at 570, 94 S. Ct. at 2981). Consequently, an inmate may not complain about the inadequacy of any representation received. *See Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982). Moreover, petitioner's complaints about counsel substitute's performance cannot be properly considered on federal habeas review. *Baxter,* 425 U.S. at 315; *Wainwright,* 455 U.S. at 587-88.

---

[1] A request for restoration of a custody level would ordinarily not be cognizable. Since RIGSBEE lost 90 days good time credits, however, the Court will address his claims.

*Lack of Evidence and Perjury*

By this claim petitioner appears to argue the evidence was insufficient because there was no physical evidence to show he participated in the riot, no witness other than Lieutenant Wilson, and he made no confession. Further, he argues that Lieutenant Wilson, the eyewitness who testified at the disciplinary hearing, lied about the incident in question.

There was ample evidence in the record to meet the evidentiary requirements of due process. The accusing officer, Lieutenant Wilson, completed a written Offense Report detailing petitioner's participation in the riot. (Docket 10-2 at 8). At the hearing, Lieutenant Wilson affirmed the accuracy of his written statement. Lieutenant Wilson's written statement alone satisfies the "some evidence" standard. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). Further, it is within the HO's discretion alone to credit and discredit evidence. *See id.* at 537. Some evidence supported the HO's determination of guilt. *See Broussard*, 253 F.3d at 876-77. This ground of error is without merit.

*Denial of Right to Call Witnesses*

Petitioner alleges he was denied the right to call three witnesses at his hearing. The record indicates, however, that petitioner was properly afforded his due process right to present witnesses. The hearing officer (HO) received evidence from three witnesses, inmates Adams, Balderas and Starr, in the form of written statements. (Docket 10-2 at 12-14). Due process may require that an inmate be provided with an opportunity to call witnesses and present documentary evidence when evidence is not unduly hazardous to institutional safety and correctional goals, *Wolff*, 418 U.S. at 563-67, but an inmate's right to present witness testimony at a prison disciplinary hearing is not unlimited, and prison officials have broad discretion in deciding

whether an inmate may present witnesses at a disciplinary hearing. *See Wolff,* 418 U.S. at 567-69. Furthermore, prison officials may limit the number of witnesses at a disciplinary hearing or deny inmate requests to call witnesses without explanation to the inmate. *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Petitioner's claim is without merit.

*Impartial Hearing Officer (HO)*

Petitioner argues the HO was biased against him. However, nothing in the record indicates the HO was predisposed to find petitioner guilty or that his finding of guilt was based on less than constitutionally sufficient evidence. *See Ross v. Estelle,* 694 F.2d at 1011 (5th Cir. 1983). The record reflects ample evidence to support the HO's finding of petitioner's guilt of the prison disciplinary offense specifically, the eyewitness testimony of Lieutenant Wilson. *See Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981); *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001); *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001). Petitioner has put forth no evidence to show otherwise instead making allegations that are wholly conclusory, self-serving, and without merit.

## III.
## MOOTNESS

"Mootness is a jurisdictional matter implicating the requirement in Article III of the Constitution that there be a live case or controversy." *Sherow v. Dir., TDCJ*, 2012 WL 6803370 at *1 (E.D. Tex. Dec. 5, 2012). "Accordingly, the United States Court of Appeals for the Fifth Circuit has recognized that a habeas petition seeking [relief] ... becomes moot when the petitioner is released from incarceration." *Id.* citing *Bailey, 821 F.2d 277, 278-279; Adair v. Dretke, 150 Fed.Appx. 329, 331–32 (5th Cir.2005).*

Telephonic information received by the Court on May 13, 2015 from TDCJ shows that petitioner RIGSBEE was released from confinement on May 21, 2013.[2] At the time of his release, petitioner's request for a change in his line class status became moot and as such, his petition should also be DENIED as moot.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner STEVEN RIGSBEE be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this  21st  day of August 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections

---

[2] The information also showed that petitioner was returned to TDCJ custody on January 20, 2015.

is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).